**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Thomas Edward KEATING,**
**Respondent.**

**No. 2013–SC–000313–KB.**

Supreme Court of Kentucky.

Aug. 29, 2013.

*OPINION AND ORDER*

The Board of Governors (Board) of the Kentucky Bar Association (KBA) recommends this Court suspend Thomas Edward Keating, V from the practice of law for eighteen months to run consecutively to his current suspension. The Board also recommends that Keating be referred to Kentucky Lawyers Assistance Program (KYLAP). Finding sufficient cause to do so, we adopt the Board's recommendation. Keating, whose KBA number is 86532 and whose bar roster address is 313 Romany Road # 4, Lexington, Kentucky 40502, was admitted to the practice of law in the Commonwealth of Kentucky on October 18, 1996. Keating was suspended from the practice of law on January 23, 2013, for nonpayment of his 2012–2013 bar dues.

**KBA File 21293**

Shelia Peyton Conrad hired Keating in 2011 to represent her regarding a personal injury matter that arose from a car accident. Thereafter, Ms. Conrad had sporadic contact with Keating. Keating told Ms. Conrad that the matter could take several years and that she should expect periods of inaction. During one point in the representation, Ms. Conrad was unable to reach Keating by telephone for several months.

In November 2009, Keating told Ms. Conrad that the case had been settled and that she would be getting a settlement check soon. Keating told Ms. Conrad that, because she had been so patient, he was going to advance her a check for $5,000. Keating then gave Ms. Conrad a check for $5,000 dated December 30, 2009.

In November 2010, Keating admitted to Ms. Conrad that he had failed to file her personal injury case in a timely manner and asked whether she would accept a promissory note from him in the amount of $35,000 to settle her potential legal malpractice case against him. Keating failed to advise Ms. Conrad to seek independent legal advice regarding the settlement of any claim she might have had against him. Ultimately, Ms. Conrad accepted Keating's offer.

Thereafter, Keating executed a promissory note in favor of Ms. Conrad dated January 11, 2011, in the amount of $35,000. Keating was to make monthly payments to Ms. Conrad of $1,039.96 and one lump sum payment of $5,000. Keating made a few payments to Ms. Conrad but stopped making payments after July 2011. Ms. Conrad unsuccessfully attempted to contact Keating several times regarding his failure to make payments. Eventually, Ms. Conrad filed a bar complaint against Keating.

■ Keating was served with a copy of Ms. Conrad's bar complaint by certified mail on October 13, 2012. Keating did not file a response. Thereafter, the Inquiry Commission issued a five-count charge against Keating, and Keating failed to file an answer. Having received no response from Keating, the matter was submitted to the Board as a default case pursuant to Supreme Court Rule (SCR) 3.210(1). The charge alleged Keating violated: (1) SCR 3.130–1.3 [1] for failing to diligently proceed with Ms. Conrad's personal injury matter; (2) SCR 3.130–1.4(a) (in effect through July 15, 2009) [2] and SCR 3.130–1.4(a)(3) [3] for failing to keep Ms. Conrad reasonably informed about the status of her matter and by failing to promptly comply with her reasonable requests for information; (3) SCR 3.130–1.8(h)(2) [4] for settling Ms. Con-

rad's potential claim against him for legal malpractice without advising her in writing of the desirability of seeking, and giving her a reasonable opportunity to seek, the advice of independent legal counsel in connection therewith; (4) SCR 3.130–8.3(c) (in effect through July 15, 2009) and current SCR 3.130–8.4(c) [5] by. making repeated misrepresentations to Ms. Conrad regarding the procedural status of her personal injury matter; and (5) SCR 3.130–8.1(b) [6] for failing to respond to the bar complaint.

■ The Board unanimously found Keating guilty on all five counts and recommends the Court suspend Keating for eighteen months and set the suspension to run consecutively to his current suspension. The Board also recommends that Keating be referred to KYLAP.

We agree with the Board's findings and adopt its recommendations.

## ORDER

ACCORDINGLY, IT IS ORDERED THAT:

1.  Thomas Edward Keating, V is suspended from the practice of law in the Commonwealth of Kentucky for eighteen months, effective if and

---

1.  SCR 3.130–1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

2.  SCR 3.130–1.4(a) (in effect through July 15, 2009) provides that "[a] lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

3.  SCR 3.130–1.4(a)(3) provides that "[a] lawyer shall ... keep the client reasonably informed about the status of the matter."

4.  SCR 3.130–1.8(h)(2) provides that "[a] lawyer shall not ... settle a claim or potential claim for such liability with an unrepresented

client or former client unless that person is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel in connection therewith."

5.  SCR 3.130–8.3(c) (in effect through July 15, 2009) and SCR 3.130–8.4(c) both provide that "[i]t is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

6.  SCR 3.130–8.1(b) provides that a lawyer "in connection with a disciplinary matter shall not ... knowingly fail to respond to a lawful demand for information from ... [a] disciplinary authority."

when he is restored to the practice of law from his current suspension;

2. This suspension shall run consecutively to Keating's current suspension;

3. If he has not already done so, pursuant to SCR 3.390, Keating shall promptly take all reasonable steps to protect the interests of his clients, including, within ten days after the issuance of this order, notifying by letter all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel and notifying all courts or other tribunals in which Keating has matters pending. Keating shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel;

4. If he has not already done so, pursuant to SCR 3.390, Keating shall immediately cancel any pending advertisements; shall terminate any advertising activity for the duration of the term of suspension; and shall not allow his name to be used by a law firm in any manner until he is reinstated;

5. Pursuant to SCR 3.390, Keating shall not, during the term of suspension, accept new clients or collect unearned fees;

6. Keating is referred to and shall make an appointment with KYLAP immediately upon the filing of this Order and is directed to participate in and complete the KYLAP program if deemed appropriate by a KYLAP evaluator; and

7. Pursuant to SCR 3.450, Keating is directed to pay all costs associated with this disciplinary proceeding, in the amount of $571.70, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.
ENTERED: August 29, 2013
/s/ John D. Minton, Jr.